NEHEMIAH H. STONE *vs.* BOSTON AND MAINE RAILROAD.

A claim against a railroad corporation for injury to the person does not pass by an assignment of his estate under the insolvent laws before the recovery of judgment.

THIS was an action by a passenger against the defendants as common carriers, to recover for injuries sustained through negligence in the management of their cars. The writ contained counts in contract and in tort, pursuant to *St.* 1852, *c.* 312, § 2, *cl.* 5. The trial was had in this court, and resulted in a verdict for the defendants; and the plaintiff alleged exceptions to the rulings of the presiding judge, pending which the parties filed an agreement in writing, that the verdict might be set aside and judgment entered for the plaintiff for five hundred dollars. Before this agreement was made, the plaintiff had taken the benefit of the insolvent laws, and his assignee in insolvency now moved the court for leave to come in and prosecute the action.

*L. Saltonstall,* for the assignee, cited *St.* 1838, *c.* 163, § 5 · *Davis* v. *Newton,* 6 Met. 542; *Gray* v. *Bennett,* 3 Met. 522.

*B. Butler,* for the plaintiff, cited *St.* 1838, *c.* 163, § 5; Eden Bankr. Law, (2d ed.) 235; *Gardner* v. *Adams,* 12 Wend. 297; *Nichols* v. *Bellows,* 22 Verm. 581.

BY THE COURT. The decision of this question depends upon the construction of the original insolvent law, *St.* 1838, *c.* 163, § 5. One or two phrases in that section might seem to imply, that anything which could be assigned by the debtor would pass by an assignment under that section. Such assignment does " vest in the assignees all the property of the debtor, both real and personal," incorporeal as well as corporeal, " all debts due to the debtor or to any person for his use, and all liens and securities therefor, and all his rights of action for any goods or estates, real or personal." But an action for damages to the person is not property, nor a right of property, nor a debt, until it. is reduced to a judgment; and then it passes, because it has assumed the form of a debt. The reason is, a claim for damages, when

liquidated, must be liquidated in money, and a judgment for the money is, to all intents and purposes, a debt or specialty. The "rights of action" which pass to the assignee by the statute are qualified by the addition "for any goods or estates." A similar qualification is embraced in the further provision of the same section, allowing the assignees to be admitted to prosecute actions pending in the name of the debtor at the time of the assignment. These provisions show the intention of the statute, in accordance with the reason of the thing, and with some cases under the English bankrupt laws, that everything should pass which forms part of the assets of the debtor, but not any right of action for personal damage.

Then, what was the condition of this claim when the assignment was made? The verdict, being against the plaintiff, was clearly no liquidation of his claim; and we are of opinion that even if the verdict had been in his favor, if there had been no judgment on it, and especially if exceptions had been allowed, which might occasion it to be set aside, it would not have passed to the assignee. In order to pass by the assignment it must be a definitive judgment, a judgment upon which a suit might have been brought. *Motion overruled.*